IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lila R. Praylow, | ) | C/A No. 0:10-123-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Lila R. Praylow ("Praylow"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

In April 2006, Praylow applied for SSI and DIB. Praylow's applications were denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on November 21, 2008 at which Praylow appeared and testified and was represented by Laura P. Valtorta, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated February 3, 2009 finding that Praylow was not disabled. (Tr. 9-16.)

Praylow was born in 1958 and was 51 years old at the time of the ALJ's decision. (Tr. 22, 107.) She completed the eleventh grade and two vocational training courses and has past relevant

work experience as a certified nursing assistant.  (Tr. 23, 113, 118.)  Praylow alleges disability since

February 19, 2005[1] due to fibromyalgia and HIV/AIDS.  (Tr. 11, 112.)

The ALJ made the following findings and conclusions:

1.    The claimant met the insured status requirements of the Social Security Act through June 30, 2005.

2.    The claimant has not engaged in substantial gainful activity since September 1, 2003, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.    The claimant has the following severe impairments:  fibromyalgia and HIV/AIDS (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

*   *   *

5.    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no standing or walking over 6 hours in an 8-hour workday; and only occasional climbing, balancing, stooping, kneeling, crouching, or crawling.

*   *   *

6.    The claimant is capable of performing past relevant work as a floor attendant and as a commercial cleaner.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

*   *   *

---

[1] Praylow initially alleged disability beginning in September 2003, but requested to amend her alleged onset date at her hearing before the administrative law judge to February 19, 2005.  In Praylow's brief she appears to again request that the onset date be amended as the ALJ's decision indicates that he considered on onset date of September 1, 2003.  However, the ALJ's findings indicate that he considered whether Praylow was under a disability from September 1, 2003 *through* the date of the decision, February 3, 2009.  Therefore, Praylow has not demonstrated that consideration of a greater period of time renders the ALJ's decision unsupported.



7.      The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2003, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 11-16.)

Praylow filed a request for Appeals Council review which was denied on November 13, 2009, making the decision of the ALJ the final action of the Commissioner.  (Tr. 1-3.)  This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1)    whether the claimant is engaged in substantial gainful activity;

(2)    whether the claimant has a "severe" impairment;

(3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)    whether the claimant can perform [her] past relevant work; and

(5)    whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d



at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## DISCUSSION

It is unclear precisely what issues Praylow is attempting to present for this judicial review, as her three-page brief contains only vague allegations of error by the ALJ. It appears that Praylow argues that the ALJ's residual functional capacity ("RFC") analysis is not supported by substantial evidence and that the ALJ erred in rejecting Praylow's subjective complaints of pain.[2]

As an initial matter, Praylow states that "[w]hen evaluating a claimant's residual functional capacity, the burden of proof lies with the administrative law judge." (Pl.'s Br. at 2, ECF No. 7 at 2) (citing Ferguson v. Schweiker, 765 F.2d 31 (3d Cir. 1985)). However, this is an incorrect statement of the law. The burden of proof rests with the claimant during the first four steps of the five-step sequential analysis and does not shift to the Commissioner until Step Five. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995); see also 20 C.F.R. § 404.1512(a) (stating that the claimant must "furnish medical and other evidence that [the Commissioner] can use to reach conclusions about [the claimant's] medical impairment(s) and, if material to the determination of whether [the claimant is] blind or disabled, its effect on [the claimant's] ability to work on a sustained basis"). In this case, the ALJ determined at Step Four that Praylow could return to her past work and concluded that Praylow was not disabled.

---

[2] To the extent that Praylow is attempting to raise other allegations of error, the court finds that these are not properly supported.



Praylow appears to argue that the ALJ's RFC analysis is unsupported by substantial evidence based on her contention that the ALJ "ignore[d] certain facets of the claimant's medical records." (Pl.'s Br. at 2, ECF No. 7 at 2.) Praylow points out that the medical records reveal that Praylow had skin infections and rashes and that during a CT scan it was noted that she had a history of lung nodules. However, as stated by the Commissioner, Praylow testified that she did not have any skin problems, and the CT scan stated that follow-up was not necessary, indicating that the lung nodules had resolved. (Def.'s Br. at 20, ECF No. 8 at 20) (citing Tr. 327, 357).

With regard to Praylow's credibility, in evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). In this matter only the second step is at issue,[3] during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain [or other symptoms] and the extent to which it affects her ability to work." Id. In making this determination, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective

---

[3] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).



evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." <u>Craig</u>, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges [he] suffers." <u>Id.</u> The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

(i)   Your daily activities;
(ii)  The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv)  The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v)   Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

During the hearing, Praylow testified to various limitations due to her pain. As observed by the ALJ, these included: requiring help to get in and out of the bathtub three to four times per week; sitting twenty minutes before needing to stand; and standing only two to three minutes due to pain. Praylow also testified to "good days" and "bad days" and limitations in cooking and cleaning. Finally, she stated that her pain medication did not help and that on the day of the hearing her pain level was an eight on a scale of one to ten.



In this case, the ALJ found that Praylow's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (Tr. 14.)  In reaching this conclusion, the ALJ expressly considered several factors in discounting the credibility of Praylow's subjective complaints.  For example, the ALJ observed that a discrepancy existed between Praylow's testimony and her reports to her treating sources.  Praylow indicated to her treating sources that she was walking for exercise and performing a variety of daily activities.  The ALJ further found that Praylow did not receive frequent emergency, inpatient, or outpatient hospital treatment and there was no reported atrophy or weight changes, which are indicative of longstanding, severe, or intense pain. The ALJ also considered the fact that Praylow missed "quite a few medical appointments," that the evidence does not reveal that any treating or examining physician has placed restrictions or limitations on her ability to work, and that there was no objective evidence that Praylow was in pain or discomfort during the hearing.

Praylow argues that the ALJ erred in discounting her subjective complaints because the evidence reveals that Praylow was diagnosed with fibromyalgia and that she has reported to medical personnel that she was suffering from chronic pain and rashes and was unable to work.  Upon a thorough review of the record as a whole, the court finds that the ALJ conducted a proper analysis in determining the credibility of Praylow's subjective complaints.  See Craig, 76 F.3d at 595.  While Praylow may point to selective medical evidence in the record in support of her argument, such evidence does not render the ALJ's decision unsupported.  In determining that Praylow's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible, the ALJ considered Praylow's subjective complaints in conjunction with her abilities to perform



daily activities and the medical evidence.  Accordingly, Praylow has failed to demonstrate that the ALJ erred in finding that her subjective complaints are inconsistent with the record.  See Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) ("The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life."); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling" and indicating that a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss"); see also Flowers v. Apfel, 1999 WL 150491, *2 (4th Cir. 1999) (Table) (finding that a claimant's alleged limitations were not supported by the record when they were never reported to his treating physician).  Moreover, the court may not substitute its judgment for the ALJ's.  See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).  Based on the record as a whole, the court cannot say that the ALJ's RFC analysis or his determination as to Praylow's credibility is not supported by substantial evidence.

## RECOMMENDATION

For the foregoing reasons, the court finds that Praylow has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 17, 2011
Columbia, South Carolina.

*The parties' attention is directed to the important notice on the next page.*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).