IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lila R. Praylow, | ) | C/A No. 0:10-123–CMC–PJG |
| | ) | |
|       Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear

1

error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon

the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

The Report recommends affirming the decision of the Commissioner. Plaintiff has filed objections arguing that the ALJ erred in (1) determining Plaintiff's residual functional capacity ("RFC"); (2) failing to credit Plaintiff's allegations of pain; and (3) not allowing Plaintiff to amend her disability onset date from September 2003 to February 2005. Dkt. No. 13. For the reasons set forth below and in the Report, the court concludes that the ALJ's decision applied the appropriate legal standards and is supported by substantial evidence.

**RFC Determination.** Plaintiff argues that the ALJ's RFC analysis is unsupported by substantial evidence.[1] Specifically she argues that the ALJ failed to consider many of Plaintiff's continuing symptoms such as weight loss, pneumonia, thrush, joint pain, diarrhea, hypertension, and skin lesions. Dkt. No. 13 at 1. While these conditions are noted in Plaintiff's medical records dating back to 2006, Plaintiff fails to show that these conditions considered either individually or together are disabling. As noted in Defendant's brief (Dkt. No. 8 at 13-15) and evidenced in the record, none of these conditions is continuing or pervasive enough to support Plaintiff's allegations of disabling limitations. The court, therefore, finds that the ALJ's RFC determination is supported by substantial evidence.

**Plaintiff's Allegations of Pain.** Plaintiff argues that the ALJ erred in "fail[ing] to give credibility to [P]laintiff's allegations of pain." Dkt. No. 13 at 1. The ALJ found that Plaintiff's subjective complaints of pain were not credible. In reaching this conclusion the ALJ explicitly considered several factors, such as discrepancies between Plaintiff's hearing testimony and reports

---

[1] In her objection, Plaintiff states that the ALJ "disregarded evidence in the medical record in reporting that [P]laintiff had the [RFC] to perform past relevant work." Dkt. No. 13 at 1.

3

to her treating sources. Tr. 14-15. Most notably, the ALJ found that Plaintiff's complaints were inconsistent with evidence in her medical record indicating a fairly active and varied lifestyle. Tr. 14.

After reviewing the record, the court finds that this objection is adequately and properly addressed in the Report. Dkt. No. 11 at 6-9. Plaintiff points to some medical evidence that supports her allegations of pain, however, the ALJ properly weighed this evidence against contradicting evidence in the record. The ALJ applied the appropriate legal standard and cited numerous reasons to discount Plaintiff's subjective pain complaints. The court, therefore, adopts both the reasoning and the result of the Report and concludes that the ALJ's determination of Plaintiff's credibility is supported by substantial evidence.

**Amending Onset Date.** Plaintiff argues that the ALJ erred in not allowing her to amend her disability onset date from September 2003 to February 2005. Dkt. No. 13 at 3. She argues that allowing the amendment would "add credibility to [P]laintiff's argument." *Id.* As explained in the Report, the court concludes that  amending Plaintiff's onset date would have no impact on this matter. Dkt. 11 at 2 n.1. The ALJ's decision indicated that he considered whether Plaintiff was under a disability from September 1, 2003 through February 3, 2009. Tr. 16. Additionally, given the significant number of reasons the ALJ cited for discounting Plaintiff's credibility, the court is not persuaded that amending the alleged onset date would affect the ALJ's credibility determination.

Having reviewed the record in light of these objections and under the appropriate standard, the court adopts the Report, and concludes that the ALJ's decision applied the proper legal standard and is supported by substantial evidence.

4

**CONCLUSION**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 22, 2011